**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **C.V.**

**No. 23-204** (Putnam County CC-40-2020-JA-72)

# MEMORANDUM DECISION

Petitioner Father T.V.[1] appeals the Circuit Court of Putnam County's February 28, 2023, final dispositional order, arguing that the circuit court erred by adjudicating the petitioner as an abusing parent.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2020, the DHS filed a petition alleging the petitioner's thoughts and desires of engaging in sexual conduct with his child interfered with his ability to parent, resulting in instances of him neglecting the child. In addition, the petition alleged that the petitioner committed domestic violence against the mother, including intimidation, hostility, and stalking.

In November 2020, the petitioner participated in a court-ordered psychological evaluation. The evaluation confirmed that the petitioner suffered from a form of obsessive-compulsive disorder ("OCD") that caused him to obsess over the possibility that he might engage in pedophilia with his child and affected his ability to provide the child with proper care. The evaluator's recommendations were that the petitioner have supervised contact with the child and continue receiving treatment for his OCD. The evaluator also opined that the petitioner posed too much risk to be alone with a child. However, the evaluator recognized that with continued appropriate treatment, the petitioner may become capable of caring for his son independently.

---

[1] Petitioner appears by counsel Duane C. Rosenlieb Jr. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Lisa A. Estes appears as the child's guardian ad litem ("guardian"). The child's mother appears by counsel Joseph A. Curia III.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

In February 2021, the circuit court held an adjudicatory hearing where the petitioner informed the court that he did not contest the allegations contained in the petition regarding his OCD and its impact on his parenting abilities. Finding that the petitioner voluntarily agreed to the stipulation and fully understood the contents and consequences of the stipulation, the circuit court accepted the same and adjudicated the petitioner of neglecting the child. The petitioner moved for a post-adjudicatory improvement period. The record reflects that the petitioner was granted and successfully completed a post-adjudicatory improvement period. Thereafter, the court held a dispositional hearing and entered an order which implemented an agreed parenting plan between the petitioner and the mother. It is from this order which the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the DHS's petition was legally deficient because it did not contain allegations that the child was abused or neglected. We note, however, that the petitioner fails to cite to any portion of the record wherein he challenged the petition on any grounds, in violation of Rule 10(c)(7) of the Rules of Appellate Procedure which requires that a petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Accordingly, the petitioner has waived this issue. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)))."

Further compounding this issue is the fact that the petitioner expressly stipulated[4] that his OCD impacted his ability to properly parent and resulted in his neglect of the child.[5] In challenging the circuit court's adjudication, the petitioner continues to advance the position that his conduct did not meet the definition of either abuse or neglect. However, the petitioner focuses only on the

---

[3] The nonabusing mother's rights remained intact. The permanency plan for the child is reunification with both parents pursuant to an agreed parenting plan.

[4] The petitioner did not include his written stipulation in the appendix record. However, before this Court, he does not argue that the stipulation itself was deficient.

[5] Given the petitioner's stipulation at adjudication, it is puzzling why he argues on appeal that the circuit court "never really held a hearing as required" to determine whether the child was abused or neglected. *See* Syl. Pt. 2, *W. Va. Dep't of Health and Hum. Res. ex rel. Wright v. Brenda C.*, 197 W. Va. 468, 475 S.E.2d 560 (1996) (requiring that, prior to imposing disposition in an abuse and neglect case, a circuit court "'must hold a hearing under [West Virginia Code § 49-4-601] and determine "whether such child is abused or neglected."' Syl. Pt. 1, [in part,] *State v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (1983)"). The record demonstrates that the court complied with this direction by holding a hearing, during which the petitioner admitted to the allegations against him.

definition of abuse and omits any discussion about neglect.[6] "Neglected child" is defined by West Virginia Code § 49-1-201, in relevant part, as a child "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . supervision." We have established that "failure to properly supervise a child constitutes neglect by itself." *In re H.C.*, No. 12-0471, 2012 WL 4838995, *4 (Sept. 24, 2012) (memorandum decision). Here, the petitioner admitted that the child put dirt in his own mouth and that the petitioner was unable to remove the dirt for fear of becoming aroused. Because the petitioner admitted that his sexual ideation actively prevented him from providing the child with necessary supervision, we find that the circuit court appropriately adjudicated the petitioner as an abusing parent. *See* W. Va. Code § 49-1-201 (defining "[a]busing parent," in relevant part, as a "parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect).

Further, we find no merit to the petitioner's argument that adjudication was in error because it was not based on "conditions existing at the time of the filing of the petition" as required by West Virginia Code § 49-4-601(i).[7] As set forth above, the petitioner admitted that these conditions existed, and his attempts to undermine this admission on appeal do not entitle him to relief.[8] Accordingly, it is clear that the circuit court properly exercised subject matter jurisdiction. *See* Syl. Pt. 8, *In re C.S. and B.S.*, 247 W. Va. 212, 875 S.E.2d 350 (2022) ("For a circuit court to have jurisdiction over a child in an abuse and neglect case, the child must be an 'abused child' or a 'neglected child' as those terms are defined in West Virginia Code § 49-1-201 (2018). Pursuant to

---

[6] It should be noted that, at adjudication, the circuit court found that the child was "abused and neglected." However, the basis for adjudication contained facts that established only neglect. Accordingly, it is unnecessary to address any of the petitioner's arguments regarding a finding of abuse, given that his adjudication for neglect was sufficient.

[7] In support of this argument, the petitioner cites to an earlier DHS investigation into these allegations that did not result in the filing of a petition. The petitioner argues that "because of the previously unsubstantiated allegations based upon the same set of facts, DH[S] violated . . . Rule 19(b) [of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings] by opening a new investigation rather [than] reopening the old prior investigation." The petitioner's reliance on Rule 19(b) is misplaced, as that rule governs amendments to a petition after the holding of a final adjudicatory hearing and has no bearing on the DHS's policies concerning investigations. Accordingly, he cannot be entitled to relief in this regard.

[8] In support of his arguments that his adjudication was improper, the petitioner spends a considerable portion of his brief citing to testimony from two medical professionals who gave extensive opinions on the petitioner's OCD diagnosis and ongoing treatment. This evidence, however, is irrelevant to the petitioner's adjudication for two reasons. First, this evidence was introduced well *after* the adjudicatory hearing and in furtherance of the petitioner's position concerning the shared parenting plan, which the petitioner does not challenge on appeal. Second, while it may be true that these witnesses testified to their belief that the petitioner would not act upon his stated sexual desires for his child, the petitioner was adjudicated upon his admission that these desires prevented him from providing appropriate parenting. Therefore, the petitioner's extensive reliance on testimony from these witnesses has no bearing on the petitioner's adjudication.

West Virginia Code § 49-4-601(i) (2019), a circuit court's finding that a child is an 'abused child' or a 'neglected child' must be based upon the conditions existing at the time of the filing of the abuse and neglect petition.").[9]

Finally, the petitioner claims that the guardian's alleged failure to comply with Rule 47 of the West Virginia Rules of Practice and Procedure for Family Court frustrated the process contemplated by the Rules of Procedure for Child Abuse and Neglect Proceedings. The petitioner claims that the guardian failed to timely file a written report but ignores the fact that the guardian complied with the required timeframe when she submitted a report at least five days prior to disposition in compliance with Rule 18a of the Rules of Procedure for Child Abuse and Neglect Proceedings. Thus, the petitioner's argument is meritless.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 28, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn

---

[9] The petitioner raises several other assignments of error in which he alleges that, because the circuit court lacked jurisdiction as a result of an improper adjudication, many of his constitutional rights were violated. Having concluded that adjudication was proper and the circuit court appropriately exercised subject matter jurisdiction, we need not address the petitioner's assignments of error predicated on any such errors.